HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DUFFY DIEU d/b/a DD Machine<br><br>    Plaintiff,<br> v.<br><br>JAMES GILBERT HILLWIG, JR, and HILLWIG TOOL LLC<br><br>    Defendants. | CASE NO. C18-5287RBL<br><br>ORDER GRANTING MOTION TO DISMISS |

THIS MATTER is before the Court on Defendant Hillwig's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. # 16]. The case involves a dispute over the validity of Hillwig's U.S. Patent No. 8,901,413, for an invention used to adjust the sights on handguns. Plaintiff Dieu, a Washington resident, makes and sells a competing (and, according to Hillwig, infringing) "universal gun sight pusher tool."

Hillwig and his business are located in Pennsylvania. Hillwig has no business presence here, no assets here, and has "never set foot in Washington." In 2015, through an attorney, Hillwig sent Dieu a "cease and desist" letter, claiming that Dieu's product infringed on his '413 patent. Hillwig did not pursue that letter's threatened litigation. Hillwig also complained to Amazon (which is located here, and was a seller of Dieu's product) three times in 2017, claiming

CASE NO. C18-5287RBL - 1

it was selling an infringing product. Amazon stopped selling Dieu's product. Dieu claims he lost $360,000 in sales as a result. Hillwig also posted comments on the internet (specifically, on Dieu's Amazon product page, and on a YouTube video touting his product). These comments related to Dieu's infringement and the quality of his product, and claimed that because Dieu stole his design he "should be in jail." Hillwig's comments also "gloated" about Amazon's removal of Dieu's product. Finally, Hillwig directed emails and phone calls to Dieu at his Poulsbo home, making similar claims and threats.

Dieu sued here, seeking a declaration that Hillwig's patent is invalid and that Dieu's product does not infringe. He claims that this Court has personal jurisdiction over Hillwig based on his conduct.

Hillwig seeks dismissal for lack of personal jurisdiction over him or his company. He claims the following points are "well-settled:"

(1) Sending an alleged infringer a "cease and desist" letter is not enough to confer specific jurisdiction; additional activities related to the enforcement or the defense of the validity of the patent are required. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008)[1].

(2) A patent owner may similarly send such letters to the infringer's customers, without subjecting himself to personal jurisdiction in the infringer's home state. *Id*. at 1340.

(3) "Stray comments" on the internet like the ones Hillwig posted are not enforcement-related and are not directed to a specific forum. They too are not enough to confer jurisdiction.

---

[1] Hillwig correctly argues that in a patent case, the law of the Federal Circuit applies. The Federal Circuit's personal jurisdiction standards are not materially different that the Ninth Circuit's, except that it specifically and bindingly opines on what one claiming patent infringement can and cannot do without subjecting himself to jurisdiction in the alleged infringer's home. *See*, most pertinently, *Avocent Huntsville, supra.*

Dieu characterizes Hillwig's conduct as a "three year campaign to disparage Dieu, interfere with his business, and drive his customers away." He argues that Hillwig's forum-directed activities are not limited to cease and desists letters, but include accusations of criminal activity and intentional acts, designed to convince Amazon to drop him as a customer, and to convince potential buyers to look elsewhere. Dieu argues that these activities arise directly from Hillwig's claim that Dieu infringes his patent; they are enforcement-related activity.

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff cannot simply rest on the bare allegations of its complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *Amba Marketing Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977). Where the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Schwarzenegger*, 374 F.3d at 800. A prima facie showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction. *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995). Conflicts in affidavits must be resolved in the plaintiff's favor. *Id.*

A court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard Management Corp.,* 95 Wn.App. 462, 465 (1999). Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional

analysis under state law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 800–01.

To exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum state such that exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801, citing *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). In determining whether a defendant has the required minimum contacts, courts focus on the relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner,* 433 U.S. 186 (1977). Personal jurisdiction exists in two forms, general and specific. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir.2002). To establish specific jurisdiction, the plaintiff must show that: (1) defendant purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) plaintiff's claims arise out of defendant's forum-related activities; and (3) the exercise of jurisdiction would be reasonable. *Easter v. American West Financial,* 381 F.3d 948, 960–61 (9th Cir.2004); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir.2000). If the plaintiff makes a sufficient showing as to the first two prongs, the burden shifts to the defendant.

The purposeful availment prong considers whether the defendant's conduct has invoked the forum state's benefits and protections "such that [the defendant] should reasonably anticipate being haled into court there." *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir.1987) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297. A defendant "purposefully avails" itself of a forum when it acts in a way that creates a "substantial connection" with the state, *Burger King,* 471 U.S. 462, 475 (1985), as where it deliberately engages in significant activities there, *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 (1984), or creates "continuing obligations"

between himself and the forum state's residents. *Travelers Health Ass'n v. Virginia,* 339 U.S. 643, 648 (1950).

With respect to the second prong—whether jurisdiction is "reasonable" and comports with "fair play and substantial justice"—the Court has identified several factors: (1) the forum state's interest in adjudicating the dispute; (2) the plaintiff's interest in obtaining convenient and effective relief; (3) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (4) the shared interest of the several states in furthering fundamental social policies. *See Wright, Kane & Miller*, 4 Fed. Prac. & Proc. Civ. § 1067.2 (4th ed. 2018).

*Avocent Huntsville* held that in an action seeking a declaration that the plaintiff's product did not infringe (or that the defendant's patent was invalid or unenforceable), the defendant patent holder cannot not be haled into the plaintiff's home jurisdiction solely on the basis of "cease and desist" letters sent to him there:

> [B]ased on policy considerations unique to the patent context, letters threatening suit for patent infringement sent to the alleged infringer *by themselves* do not suffice to create personal jurisdiction[.] This is because to exercise jurisdiction in such a situation would not comport with fair play and substantial justice. . . . Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement.

*Id*. at 1333 (emphasis in original), *citing Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1202 (Fed. Cir. 2003), and *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.23d 1355, 1360 (Fed. Cir. 1998) (other citations omitted).

Instead, in order to comport with traditional notions of fair play and substantial justice, the defendant patent holder must engage in "other activities directed at the forum and related to

the cause of action." *Id*. *Avocent Huntsville* listed examples of activities that would support jurisdiction, each of which is more substantial than the additional activities Dieu describes here. They include initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking imposing enforcement obligations on a party residing in the forum. *Id*. at 1334. Even selling patented products in the forum, for example, is not alone an "other activity" supporting specific personal jurisdiction over the defendant patentee—a patent gives the holder the right to exclude others from the market, but it does not convey the right to market an invention. *Id*. at 1336. The focus is therefore on the holder's efforts to enforce his patent, not on his efforts to market his own product[2].

Dieu points to activity beyond the letters that relates to the claims Dieu seeks to assert, and arguably to Hillwig's "defense of the validity" of his '413 patent. *See Avocent Huntsville* at 1334. The conduct he cites bolsters his claim under the more-commonly-disputed "purposeful availment" portion of the personal jurisdiction analysis. But Dieu does not cite authority directly supporting his contention that Hillwig's "additional activities" here—sending not just relatively innocuous cease-and-desist letters, but publicly accusing Dieu of criminal activity, repeatedly contacting him at his home, and convincing Amazon to stop selling his product—make it reasonable to sue him here under Federal Circuit authority. These activities do not amount to the sort of activity that *Avocent Huntsville* described as enough to satisfy the fair play and substantial justice prong of that test.

Dieu's most persuasive argument on the latter point emphasizes that Hillwig repeatedly threatened to sue *him* for infringing on his patent, and that under 42 U.S.C. § 1400(b), if he

---

[2] For this reason, Dieu's request for jurisdictional discovery into whether Hillwig actually sells his product here is DENIED.

followed through he would have been required to do so *here*. *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017) (Venue for a patent infringement action is limited to where the defendant infringes and has a regular and established place of business.). As Dieu points out, it would be more than a little ironic if requiring Hillwig to assert his repeatedly-threatened infringement claim in this jurisdiction somehow offended "traditional notions of fair play and substantial justice." Considerations of the states' interests and of judicial economy support would also seem to support litigating the parties' claims here.

But the fact that it would be ironic—counterintuitive, even—does not mean that it would be unfair under *Avocent Huntsville* or even *TC Heartland*. The former holds that a patent holder can mount a limited defense from his home without subjecting himself to a foreign jurisdiction, and the latter holds that if chooses to sue he is required to go to the infringer's home. They are not necessarily inconsistent—even if the policy rationales are difficult to harmonize. Hillwig's strategic decision to spend time and money avoiding the fight he picked (rather than fighting it where he is required to) might suggest he is not as confident in his position as he claims. And absent the Federal Circuit's authority, the Court would have little trouble concluding it was fair to force him to do so.

//

//

//

//

Under *Avocent Huntsville*, however, Dieu has not established that this Court has personal jurisdiction over Hillwig based on his limited activity here. Hillwig's Motion to Dismiss for lack of personal jurisdiction is GRANTED and this matter is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated this 9th day of November, 2018.

Ronald B. Leighton
United States District Judge